UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KAIVER ADKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL GRID USA SERVICE COMPANY, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:21-CV-0310-MSM-PAS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant, National Grid USA Service Company, Inc.'s ("National Grid"), Motion to Dismiss the plaintiff, Kaiver Adkin's, Amended Complaint for failure to state a claim upon which relief can be granted. Because the Court finds that the plaintiff has not alleged facts that plausibly support his asserted causes of action, the Court GRANTS National Grid's Motion (ECF No. 14).

### I. BACKGROUND

The following facts are as set forth in Mr. Adkins' Amended Complaint. (ECF No. 12.) When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court presumes the well-pleaded facts to be true. *See Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 594 (1st Cir. 2011).

Mr. Adkins, a Rhode Island resident, alleges that he suffers from disabling sensitivity to electromagnetic fields ("EMF"), such as those emitted by Wi-Fi routers,

1

cell phones, other wireless radio frequencies, and microwave radiation. (ECF No. 12 ¶ 10.) This sensitivity to EMF affects Mr. Adkins' "health and functioning." *Id.* ¶ 11. The defendant, National Grid, a Massachusetts corporation, used wireless meters that caused out of compliance waveform distortions and EMF at his mother's home, where he resides.

In June 2011, Mr. Adkin's mother informed National Grid of his alleged disability and requested that National Grid remove the electric meter from the residence and replace it with an analogue meter. *Id.* ¶ 16. National Grid initially refused to replace the meter but ultimately did so on December 9, 2011. *Id.* ¶¶ 18-19. Then, on August 26, 2016, National Grid again installed equipment that, Mr. Adkins claims, adversely affected his health. *Id.* ¶ 20. Upon the plaintiff's request, National Grid replaced the equipment on July 11, 2018. *Id.* ¶ 23. On November 20, 2018, however, Mr. Adkins began to suffer "injuries and illnesses" which he attributed to "waveform distortions." *Id.* ¶ 25. He reported this to National Grid on November 26, 2018. *Id.* ¶ 26. On January 23, 2019, National Grid corrected the waveform distortions. *Id.* ¶ 28.

Mr. Adkins asserts that National Grid's "wrongful and intentionally discriminatory actions and omissions" were in violation the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. § 42-87-1 *et seq. Id.* ¶ 30. He further claims that National Grid is liable to him in negligence.

Mr. Adkins initially filed this suit in Rhode Island Superior Court, Washington County. National Grid removed the case to this Court on the grounds of diversity

jurisdiction and then responded to the original complaint by way of a Rule 12(b)(6) Motion to Dismiss. The Court denied that motion without prejudice to the plaintiff's filing of an amended complaint in compliance with the federal pleading standard. Mr. Adkins indeed filed an Amended Complaint to which National Grid has renewed its Motion to Dismiss, which the Court presently decides.

## II.   MOTION TO DISMISS STANDARD

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, the complaint must state a claim plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court assesses the sufficiency of the plaintiff's factual allegations in a two-step process. *See Ocasio-Herandez v. Fortuno-Burset*, 640 F.3d 1, 7, 11-13 (1st Cir. 2011). "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 699 F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.,* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* "The relevant question … in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544, 569 n.14 (2007)).

### III. DISCUSSION

#### A. Count I: Violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. § 42-87-1 et seq.

Mr. Adkins alleges that National Grid engaged in discriminatory acts in violation of the Rhode Island Civil Rights of People with Disabilities Act ("RIPDA"), R.I.G.L. § 42-87-1 *et seq.* The RIPDA generally provides that "[n]o otherwise qualified person with a disability shall, solely by reason of his or her disability, be subject to discrimination by any person or entity doing business in the state… ." R.I.G.L. § 42-87-2. The RIPDA then enumerates certain prohibited discriminatory acts applicable to public accommodations, which can be divided into two categories: (i) the exclusion of an individual from participation in a benefit or service; and (ii) discrimination on the basis of disability in the full and equal enjoyment of goods, services, or accommodations of a place of public accommodation. R.I.G.L. § 42-87-3.

In his Amended Complaint, the plaintiff does not allege that National Grid excluded him from any aid, benefit or service as required to establish a RIPDA claim. Indeed, nowhere does the plaintiff allege that National Grid's service to the home was interrupted during any relevant time.[1] *See* R.I.G.L. § 42-87-3(5)(ii). Secondly, the plaintiff fails to plausibly allege that National Grid discriminated on the basis of his disability in violation of the RIPDA. *See* R.I.G.L. § 42-87-3(5)(i). The plaintiff alleges

---

[1] It is unclear if the plaintiff and his mother are both named on the National Grid contract or if the services are provided in only his mother's name as the homeowner. At this stage, reading the complaint broadly, the Court will assume a contractual relationship between the plaintiff and National Grid for purposes of this Motion.

4

that National Grid provided his mother's residence with electricity using an electric meter but then, upon his mother's request, eventually replaced the meter with an analog meter.  But he does not allege a differential treatment from that of any of National Grid's other customers.  Further, although he alleges that National Grid did not replace the meter "within a reasonable time," he does not allege that National Grid replaced products for other similarly situated non-disabled customers in a different manner.

Finally, Mr. Adkins has failed to plausibly allege that he is a qualified person with a disability as defined in the RIPDA.  Mr. Adkins must set forth sufficient facts to establish that he has a physical or mental impairment which "substantially limits one or more major life activities," that he has a record of such impairment, or is regarded as having such an impairment. R.I.G.L. § 42-87-1(1).  Mr. Adkins asserts a disabling sensitivity to EMF but fails to allege that it "substantially limits one or more of the major life activities." *Id.*  He instead asserts in a conclusory fashion that his alleged sensitivity affects his "health and functioning."   Because Mr. Adkins has not sufficiently alleged that a major life activity is substantially limited by his impairment, his claim cannot survive a motion to dismiss. *See Francis v. Providence Sch. Bd.*, 198 F. App'x 18, 19 (1st Cir. 2006).

### B. Count II: Negligence

To state a claim for negligence under Rhode Island law, a plaintiff must establish "a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the

5

actual loss or damage." *Flynn v. Nickerson Cmty. Ctr.*, 177 A.3d 468, 476 (R.I. 2018).

Here, Mr. Adkins does not allege facts that plausibly establish proximate causation between National Grid's alleged conduct and the claimed injury. He claims that National Grid's negligent installation of equipment in August 2016 "adversely affected electrical service at [the] residence" in the form of "out of compliance waveform distortions and transformer malfunction and overloads" that "adversely affect[ed]" his health. ECF No. 12 ¶ 20; *see also id.* ¶ 42 (asserting that as "a result of the negligence of the Defendant stated herein, the Plaintiff suffered adverse effects on his health …."). But he does not offer any factual allegations as to how National Grid's equipment, or any problems with it, proximately contributed to his condition. *See Biszko v. RIHT Fin. Corp.*, 102 F.R.D. 538, 541 (D.R.I. 1984), aff'd, 758 F.2d 769 (1st Cir. 1985) ("Where the injury and its cause are not obvious, the plaintiffs must plead their existence in their complaint with a fair degree of specificity.").

Being devoid of specific factual allegations as to how the alleged conduct proximately caused his injuries, the Amended Complaint does not "nudge[ ]" the plaintiff's claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

## IV.   CONCLUSION

For the foregoing reasons, National Grid's Motion to Dismiss (ECF No. 14) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

August 26, 2022